UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSEMARY WILLIAMS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | |
| **TIPPY R. WEBB** | **NO. 09-368-A-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 29, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROSEMARY WILLIAMS, ET AL                                      CIVIL ACTION

VERSUS

TIPPY R. WEBB                                                 NO. 09-368-A-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Complaint (R. Doc. 1) filed in the above-captioned matter on June 16, 2009.  The Complaint is a petition for child support and involves allegations that defendant, Tippy R. Webb ("Webb"), failed to properly report his income and pay appropriate child support for Erin Williams, who is now twenty-two years old.  The suit is brought by Erin Williams; her mother, Rosemary Williams; and her grandmother, Susie M. Davis, who allegedly gained custody of her granddaughter at some point.  The plaintiffs contend that they have suffered hardships as a result of Webb's failure to pay child support and request that the Court: (1) audit Webb's income from February 1990 to 2009; (2) collect child support payments from when he was employed and did not report his income; (3) order him to provide dental and health insurance; and (d) order him to provide support and pay for Erin Williams' education.

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct.

1

1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  *Cf., Green v. McKaskle, supra*.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

The present suit should be dismissed for failing to state a claim upon which relief may be granted in this Court.  Issues of domestic relations are the province of the state courts, and this Court lacks subject matter jurisdiction over those disputes.  *J.D. Franks v. Smith*, 717 F.2d 183 (5th Cir. 1983), citing *Ex parte Burruss*, 136 U.S. 586, 593-94, 10 S.Ct. 850, 853, 34 L.Ed. 1500 (1890).  The Fifth Circuit Court of Appeals has held that, if a federal court, must determine which parent should receive custody, what rights noncustodial parents should have, *how much child support should be paid and under what conditions*, or whether a previous court's determination on those matters should be modified, then the federal court should dismiss the case pursuant to the domestic relations exception.  *Rykers v. Alford*, 832 F.2d 895 (5th Cir. 1987)(Emphasis added).[1]  Because the

---

[1] Abstention from the exercise of diversity jurisdiction in cases involving intrafamily relations is a policy of long standing in the federal courts.  *Congleton v. Holy Cross Child Placement Agency*, 919 F.2d 1077 (5th Cir. 1990), citing *Ex Parte Burrus*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); *Lynde v. Lynde*, 181 U.S. 183, 21 S.Ct. 555, 45 L.Ed. 810 (1901); *State of Ohio v. Agler*, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489 (1930).  As a general rule, federal courts refuse to hear "suits for divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification." *Congleton*, at 1078, quoting *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978).  The reasons underlying this policy of abstention include "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees

plaintiffs in this matter are requesting that the Court determine the amount of child support that Webb owes and order him to provide that support, the present suit is a domestic relations dispute over which this Court lacks subject matter jurisdiction and which should be dismissed pursuant to the domestic relations exception.

## RECOMMENDATION

For the above reasons, the above-captioned matter should be **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, July 29, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." *Id.* The abstention issue is not to be resolved by resort to "technical appellation," but rather by inquiry into "whether hearing the claim will necessitate the court's involvement in domestic issues, *i.e.*, whether it will require inquiry into the marital or parent-child relationship." *Id.*, at 1079.